UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN CHRISTOPHER CRUGER AND
MELISSA ANN CRUGER,

                Plaintiffs,

-against-

PERFECTO INDUSTRIES, INC.,

                Defendant.

**ORDER**

22-CV-09540 (PMH)

PHILIP M. HALPERN, United States District Judge:

Perfecto Industries, Inc. ("Defendant") filed a Notice of Removal on November 8, 2022, removing this action from the Supreme Court of the State of New York, County of Rockland, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Rockland.

**BACKGROUND**

On November 8, 2022, Defendants filed a Notice of Removal, which attached as an exhibit a copy of Plaintiff's Summons and Verified Complaint (Doc. 1-1, "Compl."). Defendants claim that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) "[t]he plaintiff alleges serious injury and the amount in controversy is claimed to be in excess of $75,000." (Not. of Removal ¶¶ 8-9).

**ANALYSIS**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court

has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1]

Plaintiff's Complaint alleges that he was injured while using a "Lubricator" manufactured and sold by Defendant. (Compl. ¶ 17). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that his damages "exceed the jurisdictional limits of all courts of inferior jurisdiction." (Compl. ¶ 18). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Defendants assert that the amount in controversy is in excess of $75,000 because "[t]he plaintiff alleges serious injury and the amount in controversy is claimed to be in excess of $75,000" (Not. of Removal ¶ 9). However, Plaintiffs did not allege that their injuries were in excess of any specific dollar value. Defendants have not furnished any written indication of the amount in controversy. (*See generally*, Not. of Removal).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' allegation in the absence of any supporting information that the amount in controversy "logically" must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore

improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       November 14, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge